ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. MARY WALLACE, BY HER NEXT FRIEND, *Defendant in Error.*

1. Where negligence is the basis of an action and particular negligent acts are specifically alleged, the recovery depends upon proof of the negligence as alleged.

2. Where a declaration states a cause of action for any recovery, defects in the statements of matters of inducement and in some of the specific acts of negligence do not render the declaration subject to demurrer.

3. Defects in matters of form or in the manner of stating a cause of action that do not make the declaration insufficient in substance may be reached by appropriate motion under the statute.

4. In an action against a common carrier for negligence while a determination of whether there was negligence does not depend solely upon a compliance with the requirements of statutes, ordinances or other lawful governmental regulations, for circumstances may require additional precautions and care, yet the prescribing of particular facilities that may be

regarded as essential or useful in preventing injuries from trains at railroad crossings in municipalities or elsewhere, is a function that is legislative or administrative in its nature.

5. Charges to the jury should be predicated upon the pleadings and the evidence adduced in the cause, and where there is no evidence to support a charge it is error to give it.

6. If an injury to the plaintiff was caused by the negligence of a railroad company in running its train, and subsequently such injury was increased or added to solely by the act or omission of the plaintiff, she cannot recover damages from the defendant for such added injury; but if the negligence of the defendant in running its train caused an initial injury to the plaintiff and such negligence through the initial injury contributed proximately to an added injury to the plaintiff, she may recover damages therefor from the defendant, but the damages will be reduced in proportion to the plaintiff's fault in causing the added injury.

7. Where it appears that an erroneous charge could reasonably have misled or confused the jury to the injury of the party complaining of it, a new trial will be granted.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*John L. Doggett* and *J. B. Johnson,* for Plaintiff in Error;

*J. N. Stripling* and *F. L. Rees,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error is to a judgment

against the railroad company for personal injuries to Mary Wallace in being struck by an engine of a train while she was crossing the railroad track on a street in the town of Live Oak, her feet being partially crushed.

The negligence alleged is that "the defendant then and there by its servants so carelessly and improperly drove and managed the said locomotive engine, that by and through the negligence and improper conduct of the defendant by its said servants in that behalf, the said locomotive engine then and there struck with great force and violence against the plaintiff" injuring her as stated. The amendment to the declaration alleges "that the injury which the plaintiff received, as aforesaid, was due to the negligence of the defendant in failing to maintain gates and a sufficient number of watchmen at said crossing to warn and protect pedestrians and the plaintiff against approaching trains and engines, and to the negligence of the defendant, through its servants, in driving said locomotive at said crossing at the time of said injury at a greater rate of speed, to-wit, at the rate of about twenty miles an hour, than allowed by law and the ordinance of the town of Live Oak, an incorporated city, which is four (4) miles an hour, and in failing to ring any bell or sound any whistle on said engine or give any other notice or warning to indicate to the plaintiff the approach thereof on said occasion."

The effect of the amendment is to limit the plaintiff to a recovery for the negligent acts specifically alleged. Louisville & N. R. Co. v. Jones, 45 Fla. 407, 34 South. Rep. 246.

The second count of the declaration was apparently abandoned at the trial. A demurrer to the first count questions the sufficiency of the allegations as to matters of inducement, as to certain of the specific acts of negli-

gence, and as to the alleged negligence being the proximate cause of the injury.

The declaration is not subject to the demurrer interposed to it, even though matters of inducement or some of the specific acts of negligence charged be defectively stated. It is sufficiently alleged that negligence of the defendant was a proximate cause of the injury complained of. Negligence of the plaintiff is a matter of defense. Defects in matters of form or in the manner of stating a cause of action that do not make the declaration insufficient in substance may be reached by appropriate motion under the statute. See King v. Oregon Short Line R. Co., 59 L. R. A. 209, and notes.

The province of the jury is to determine whether under the facts and circumstances in evidence the defendant was negligent as alleged, and if there was such negligence, whether it was a proximate cause of the injury complained of. While a determination of whether there was negligence does not depend solely upon a compliance with the requirements of statutes, ordinances or other lawful governmental regulations, for circumstances may require additional precautions and care, yet the prescribing of particular facilities that may be regarded as essential or useful in preventing injuries from trains at railroad crossings in municipalities or elsewhere, is a function that is legislative or administrative in its nature. Ordinarily it is not for a trial jury to determine whether particular methods or facilities should have been used to prevent an injury alleged, when such methods or facilities are not prescribed by competent authority or necessarily required by implication of law. But the jury should determine from all the circumstances in evidence in the particular case whether the defendant is liable in damages for a negligent injury as alleged. Any

evidence tending to show whether the railroad company exercised all the care and diligence required by the circumstances of the case, is admissible; and the jury should determine whether the requisite degree of care was exercised, and not whether a particular kind of safeguard should have been used.

The necessity or advisability of requiring the maintenance of gates at railroad crossings in streets of a municipality may be a matter for the legislature, the local authorities, the railroad commissioners or a grand jury to determine, but such determination was not within the province of the trial jury in this case. An injury by the running of the defendant's train being shown, the jury were authorized by the statute to find for the plaintiff, unless the defendant company made it appear that its agents exercised all ordinary and reasonable care and diligence required by law under the circumstances. Section 3148 General Statutes of 1906.

The charge numbered ten given was not in accord with these principles; and, considering the entire evidence and the verdict rendered, the charge may have confused or misled the jury to the defendant's injury. The charge in effect is that if the jury find the maintenance of gates and watchmen at the street crossing was reasonably necessary, and that they were not provided, the defendant is guilty of negligence. There was no allegation or proof that the maintenance of gates at the street crossing where the injury occurred was either authorized or required by any governmental authority, or that gates were the only practical means of rendering the crossing safe, or other showing that would make a failure to maintain gates at the street crossing negligence as a matter of law.

If an injury to the plaintiff was caused by the negli-

gence of the defendant in running its train, and subsequently such injury was increased or added to solely by the act or omission of the plaintiff, she cannot recover damages from the defendant for such added injury; but if the negligence of the defendant in running its train caused an initial injury to the plaintiff and such negligence through the initial injury contributed proximately to an added injury to the plaintiff, she may recover damages therefor from the defendant, but the damages will be reduced in proportion to the plaintiff's fault in causing the added injury. See Section 3149 General Statutes of 1906.

An instruction requested by the defendant was inconsistent with this rule and was properly refused. It was in effect that if the jury find an operation was necessary to prevent further injury to the plaintiff, and the advice of physicians to have an operation performed sooner than was done, was disregarded by the plaintiff, the defendant is not liable for any increase in the injury due to the plaintiff's delay of the operation.

The judgment is reversed.

TAYLOR, SHACKLEFORD and PARKHILL, J. J., concur.

PARKHILL, J., Concurring.

Whether the maintenance of gates at the street crossing was reasonably necessary is a governmental function, but this question was made an issue by the pleadings, and the court committed no error in charging thereon, provided the evidence authorized or made proper such a charge. I think, though, that the charge is erroneous as being inapplicable to the evidence.

There was proof that the City of Live Oak, by ordinance

required the railway companies operating trains across Ohio Avenue to furnish and keep a flagman or watchman there, and the evidence shows that the defendant company complied with this regulation. There was no proof of governmental requirement of gates at this crossing, and the evidence submitted did not authorize or call for an instruction by the court upon this question even though we consider it raised by the pleadings. Charges should be predicated on the facts in proof, and when not so predicated, they are erroneous. Melbourne v. State, 51 Fla. 69, 40 South. Rep. 189.

COCKRELL, J., dissenting.

I am unable to find reversible error in the charge complained of. I may admit that in the abstract the particular method of protection against accidents is a question for the railroad company or some branch of the government other than the petit jury, but this admission is not fatal upon the case at bar.

We must give some weight to the issues voluntarily made by the parties to the record. The plaintiff here alleged specific negligence in "the failure to maintain gates and a sufficient number of watchmen to warn and protect pedestrians and the plaintiff against approaching trains" and the defendant accepted the issue so tendered by its plea of not guilty. The court charged in effect that before the plaintiff could recover, the jury must find that the defendant did not maintain gates and watchmen and that such precautions were under the circumstances reasonably required. There was no motion to strike this tender of issue nor was any objection made to testimony in its support, nor was a charge requested bearing upon its impropriety.

Further there is, to my mind, no evidence approaching

proof of any other reasonable care and caution due to passers along this main thoroughfare of the City of Live Oak, crossing ten tracks more or less blocked as to view by standing cars, with trains almost constantly passing. No other passage was provided than the surface crossing. There was one flagman present, who was watching a train of another road, with his back to this track, and who did not see the girl until the engine was in ten feet of her. The engineer and others say the bell was ringing, but his lookout did not disclose the presence of the child upon the track, owing he says to a curve and obstruction of standing cars on another track; he says further that his fireman on the other side of the engine had a less obstructed view and was looking out; the fireman was not called, but if he saw the child, the engineer at the throttle was not notified and the engine could have stopped, as it did stop, immediately after the accident, in fifteen feet.

It seems to me clear that the objection to the charge is theoretical and should not avail. The jurors were not told to choose between two reasonably effective means, but in the absence of any proof that the railroad company had used all reasonable care and diligence as declared by statute, in other words that degree of care and diligence, due to the exigencies of the occasion, they were told that before the plaintiff could recover, they must find that the *kind* of care and diligence accepted by the parties as the *degree* of care and diligence then and there due, was reasonably necessary under the evidence.

HOCKER, J., concurs in the foregoing dissent.