TERRELL, Chief Justice.
In our opinion filed March 16, 1956 (first consideration), we reviewed the final judgment of the trial court in which he set aside the verdict of the jury and entered judgment for defendants on the ground that the evidence shows “the sole proximate cause of the accident which gave rise to this action was the negligence of the plaintiff’s deceased husband.” After thorough review of the evidence we entered the following order:
“We are convinced that the verdict was contrary to the manifest weight of the evidence. When the trial court so finds, it is his duty to grant a new trial.
“The judgment appealed from is accordingly affirmed in so far as it sets aside the verdict but with directions to grant a new trial.”
Petition for rehearing on the part of appellees filed March 29, 1956, contends that our judgment should have been one of direct affirmance rather than one of affirmance in so far as it sets aside the verdict but with directions to grant a new trial. We thought the point was well taken and on June 20, 1956, amended the judgment of March 16 to read: “The judgment appealed from is accordingly affirmed.”
We are now confronted with a second petition for rehearing in which, among other things, it is contended that our judgment of March 16, 1956, as modified by our judgment of June 20, 1956, is inconsistent and at variance and that a judgment should now be entered in conformance with the verdict of the jury.
We have reviewed the record in the light of the latter petition for rehearing and *84 Mr. Justice HOBSON, Mr. Justice ROBERTS, Mr. Justice DREW and Mr. Justice THORNAL are of the view that the issue was one for a jury and being so the judgment of the trial court should be reversed with directions to approve the verdict and finding of the jury. Mr. Chief Justice TERRELL and Mr. Justice O’CONNELL are of the view that the judgment of the trial court was correct and should be affirmed. It results that the judgment appealed from is reversed on rehearing with instructions to reinstate and affirm the verdict of the jury.
It is so ordered.
HOBSON, ROBERTS, DREW, THOR-NAL and O’CONNELL, JJ„ concur.
THOMAS, J., not participating.