LUCKIE, CHARLES A., Associate Judge.
This is an appeal from a final judgment in a negligence action. The appellee, Chester F. Connell, sued the appellant, Atlantic Coast Line Railroad Company, for the death of his wife which resulted when the car in which she was a passenger collided with one of defendant’s trains at a crossing in the City of Tampa. At the conclusion of all the evidence, the defendant below moved for a directed verdict which was denied. After the verdict was rendered defendant moved for a judgment notwithstanding the verdict, or for a new trial, and this motion was also denied.
This accident occurred at the intersection of a city owned spur track and 13th Street in Tampa. The track crosses 13th Street diagonally in a southwest-northeast direction, the street running north-south. The crossing is 297 feet south of the intersection of 13th Street with Lafayette Street which is controlled by a traffic light. The accident happened at about 7:15 P.M. on a rainy night.
Plaintiff’s decedent was riding in a car driven by her brother-in-law, Leroy Con-nell. They were driving south on 13th Street. As they reached Lafayette, the traffic light was green, so Connell continued on down the street. As he approached the involved crossing he passed a truck which had slowed or stopped for the approaching train. Connell neither saw nor heard the train or any warning *81 of its approach prior to impact. The crossing was not marked by cross bars or other warning device.
The train approached the 13th Street crossing from the south as the track parallels the street until it reaches the crossing, where it crosses the street diagonally as mentioned above. The train was moving three to four miles per hour and, as it approached the crossing, had its normal lights burning, including headlight and side lights, and was sounding its whistle and bell. Plaintiff offered three witnesses to the accident, two of whom testified that,' though further removed from the crossing than Connell, each heard the bell ringing and the whistle blowing for the crossing. All of defendant’s witnesses likewise testified that the train’s whistle and bell were operating as the train approached and entered the street.
The members of the train crew and two disinterested witnesses to the collision were called by defendant and each of them testified that immediately prior to the accident the train flagman was out in 13th Street waving a lantern; although none of plaintiff’s witnesses could so testify. The train crew testified that the flagman was riding on the front of the engine until it started to enter 13th Street, at which time he alighted and walked some six or eight feet in front of the train waving the lantern to warn approaching traffic. The flagman testified that when he saw the Connell car approaching and determined that it was not going to stop he gave a “wash-out” signal, apparently an .emergency signal, and the engineer applied the emergency brakes. The impact occurred almost immediately, and the train carried Connell’s car twenty-two feet beyond the point of impact, which was about fifteen feet from the west curb of 13th Street.
The statutory presumption of neg--ligence by the railroad places upon it the burden of affirmatively showing that it has “exercised all ordinary and reasonable care and diligence” (F.S. § 768.05, F.S.A.). When ordinary and reasonable care and diligence in the operating of the train have been shown, the presumption ceases to exist. In the instant case it appears that the defendant performed every duty and discharged every obligation required either by law or common courtesy. The fact of the approaching train was obvious to everyone in the vicinity, except Connell, and other traffic on 13th Street had stopped to permit the passage of the train. The record fails to reveal that there were any obstructions to Connell’s view, nor is any reason given why he failed to hear the warning signals.
The record shows that the agents of the defendant exercised every reasonable precaution in entering and crossing the street and fully performed its duty of causing adequate warning signals to be given as the train approached the crossing. The railroad had a right to expect that travelers on the street would at least look to see what others were seeing, and listen to that which all others were hearing. Covington v. Seaboard Air Line Ry. Co., 99 Fla. 1102, 128 So. 426; Powell v. Gary, 146 Fla. 334, 200 So. 854; and, especially, see the cases of Atlantic Coast Line R. R. Co. v. Sayre, Fla., 76 So.2d 863, and Atlantic Coast Line R. R. Co. v. Hill, Fla., 76 So.2d 861.
The evidence fails to establish any negligence on the part of the defendant railroad, but does show that the negligence of the driver was the sole proximate cause of the accident and injury. The motion for a directed verdict should have been granted.
Reversed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.