146 So.2d 605 (1962)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
Alice J. SOPER, As Administratrix of the Estate of David Edward Soper, Deceased, Appellee.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellant,
v.
Lillie Mae HOOPER, As Ancillary Administratrix of the Estate of William Raymond Brent, Deceased, and Brenda Joyce Brent, Daughter of William Raymond Brent, Deceased, by Her Next Friend, Ollie B. Brent, Appellees.
Nos. 61-598, 61-599.
District Court of Appeal of Florida. Third District.
September 18, 1962.
*606 Bolles & Prunty and Richard M. Winokur, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence, Miami, and Alan R. Schwartz, Miami Beach, for appellees.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
These cases have been consolidated for the purposes of briefing, use of one record on appeal and for oral argument. Appellant seeks review of adverse final judgments entered against it in two negligence actions.
Both cases arose out of an accident involving appellant's freight train and an automobile driven by the deceased Soper in which the deceased Brent was a passenger. *607 Soper was unmarried and had no dependents at the time of his death. Suit was brought by his estate under the survival statute, § 45.11, Fla. Stat., F.S.A., and wrongful death statute, § 768.01, Fla. Stat., F.S.A. The ancillary administratrix of Brent's estate brought suit seeking damages under the survival statute and a minor daughter claimed damages under the wrongful death statute. These cases were consolidated and tried before a jury which returned verdicts in favor of the appellees upon which the judgments appealed were entered. Appellant's motions for new trial, directed verdicts, judgments n.o.v. and remittiturs were all denied by the trial court.
Although the appellant has filed more than 200 assignments of error urging some 18 grounds for reversal, the basic question involved here is whether the evidence as a whole was sufficient to support the jury's conclusion that the appellant was negligent in failing to exercise that degree of care in the maintenance and operation of its train which the circumstances of the particular occasion required. The determination of this question necessarily entails a discussion of several collateral issues.
The accident occurred on the afternoon of June 14, 1959, at a public crossing on heavily traveled Avenue "D" within the municipal limits of the City of Fort Pierce, Florida. Avenue "D" runs east and west and intersects with appellant's two sets of tracks which run north and south. The only warning device at this crossing is a "crossbuck" sign bearing the legend, "Railroad Crossing  Look Out For Cars" which was placed there by the appellant in 1905. This sign, which complies with the requirements of the law, was located at the west side of appellant's tracks and on the south side of Avenue "D". Approximately 577 feet north of the crossing appellant's tracks curve, rendering it impossible for the crew of a southbound train to see the crossing until the train has rounded the curve. In addition, the photographic exhibits in evidence disclose that the view of the crossing, both for southbound train crews and motorists attempting to cross the tracks from east to west, is obstructed by a thick stand of trees and vegetation located off of the appellant's right of way some 20 feet east of the tracks. Thus, neither could see the other until they were within 15 or 20 feet of the crossing.
On the afternoon in question, the appellees' decedents, both of whom were deaf mutes, were westbound on Avenue "D" approaching the subject crossing. The record indicates that both were familiar with the crossing. The appellant's train was southbound approaching the crossing, its whistle blowing, bell ringing, and oscillating headlight in operation. The evidence is in conflict as to the speed at which appellant's train was traveling; the witnesses for the appellant placing its speed as low as 23 miles per hour, and those for the appellees as high as 50 miles per hour. There was no evidence of a speed limit governing appellant's operation of its trains within the municipal limits of the City of Fort Pierce. When appellant's train reached a point approximately 20 feet north of the crossing, the fireman saw the decedents' car for the first time. The car was then 10 to 20 feet from the tracks. The engineer did not see the car before impact but was alerted by the fireman and he immediately placed the train in emergency braking. The train was stopped a distance of some 700 feet from the point of impact.
The appellant contends that the trial court erred in failing to direct a verdict in its behalf since the evidence amply demonstrates full compliance with the law and, therefore, a total absence of negligence. This contention would merit serious consideration if the degree of care required of a railroad in a case such as this were fixed, requiring no more than audible and visual warnings and compliance with the laws relative to speed and erection of crossing signs. However, the degree of care is variable and dependent upon the circumstances of a particular case and the *608 danger prevalent at a particular crossing. As stated by Justice Terrell in Atlantic Coast Line R. Co. v. Smith, Fla. 1951, 53 So.2d 301:
"The last cited cases had to do with rural crossings and do not necessarily govern the crossing involved in this case which was in the congested area of a fast growing municipality, where pedestrians and cars were constantly crossing and danger was potential at all times of the day. The care required under such circumstances is one of degree and must be commensurate with the danger prevalent at the crossing. It may not always be enough to blow the whistle and ring the bell, particularly is this true where the tracks of defendant are in a congested area where the vision is obstructed and various and sundry noises and other distractions are prevalent."
See also Atlantic Coast Line R. Co. v. Wallace, 61 Fla. 93, 54 So. 893. In an accident involving a railroad train, when the damaged or injured party produces evidence of an accident resulting in damage or injury, there arises a statutory presumption of negligence on the part of the railroad. § 768.05, Fla. Stat., F.S.A.; Atlantic Coast Line R. Co. v. Connell, Fla.App. 1959, 110 So.2d 80; Powell v. Gary, 146 Fla. 334, 200 So. 854. This presumption disappears when the railroad produces evidence of the exercise of reasonable and proper care in the operation of its train. Atlantic Coast Line R. Co. v. Connell, supra; Powell v. Gary, supra. At this point, the injured or damaged party is required to go further and produce evidence of a failure of the railroad to discharge its duty toward the public as well as the injured party, and that such failure was the proximate cause of the injury. If such evidence is produced, the matter becomes a jury question; otherwise a directed verdict for the railroad is warranted. Louisville and Nashville R. Co. v. Holland, Fla. 1955, 79 So.2d 691; Powell v. Gary, supra; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193. We conclude that in the case at bar, the appellees produced sufficient evidence to raise a jury question.
Reverting to the question of the sufficiency of the evidence to support the verdict reached by the jury, an examination of the record leads us to conclude that the appellees produced evidence which, if believed by the jury, would warrant the conclusion that under the circumstances of this case the appellant had not maintained and operated its train with the requisite degree of care. The nature of the crossing is such that the jury might have concluded that the appellant knew or should have known that motorists and train crews could not see each other until both were within 20 feet of the crossing, and, therefore, appellant was guilty of operating its train at a rate of speed not commensurate with the requirement of due care under the circumstances. In this connection, we might note that, accepting the appellant's estimated speed of 23 miles per hour, it took 700 feet of emergency braking to bring the train to a stop at a crossing the crewmen could not see until they had rounded a curve only 577 feet away. A rate of speed even though within allowable limits may, under the circumstances of a particular case, be considered along with other factors in determining whether reasonable care and caution have been exercised. See McAllister v. Tucker, Fla. 1956, 88 So.2d 526, 528, reversed on petition for rehearing, 93 So.2d 83.
Counsel for the appellees argued to the jury that this accident would not have occurred if the appellant had equipped this crossing with flashing lights, bells and gates. This argument, the appellant contends, was highly prejudicial and resulted in its being convicted, not of negligence, but of failing to have a particular type of safety device or devices at this crossing when it was required by law to maintain only a "crossbuck" warning sign. We find this contention to be without merit.
Although the law required only a "crossbuck" sign, the appellees did not *609 charge the appellant with failure to have a particular type of device required by law but with failure to take such reasonable and necessary precautions at this particular crossing as were demanded by the degree of danger which existed. Under these circumstances the jury was entitled to know the conditions at the crossing. The nature of the warning devices present was one of those conditions. Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492; Florida East Coast R. Co. v. Haywood, Fla.App. 1962, 145 So.2d 533. The argument to the jury that gates, bells and flashing lights would have saved the lives of the two decedents was, in our opinion, no more than legitimate comment of counsel on these conditions and what he considered the evidence disclosed as to the degree of appellant's failure in the discharge of its duty. One may discharge duties required by law but such would not necessarily absolve him from a charge of negligent conduct when common sense and ordinary prudence would demand greater precaution. See Atlantic Coast Line R. Co. v. Wallace, supra.
The standard of care to which a railroad is required to conform in the performance of its duties toward the public and in preventing injury to others is reasonable care under the particular circumstances. Here, there was a factual question to be determined  that is, whether the appellant had or had not conformed to this standard. Though there was conflicting evidence on this question, there was ample evidence to support the jury's conclusion that the appellant had not.
The record discloses that there was some evidence of the decedents' lack of care for their own safety; however, whether the conduct of the decedents was the sole proximate cause or merely a contributing cause of the accident was a question of fact for the jury which we must assume was considered by them in the light of the court's instructions on comparative negligence. See § 768.06, Fla. Stat., F.S.A.
The other questions raised by the appellant dealing with the failure to charge or the giving of charges objected to, the argument of counsel to the jury, comments by the trial judge and the exclusion and reception of certain evidence, have all been examined and found to be without merit.
Accordingly, the judgments are affirmed.