PEARSON, TILLMAN, Chief Judge.
This case arose out of an accident which occurred at the crossing of defendant’s railroad tracks at South Swinton Avenue in Delray Beach, Florida. Moses Flowers, the plaintiff’s ward, was a passenger in his employer’s truck. Attempting to avoid a collision with an oncoming train, the driver of the truck applied the brakes but stopped with the front wheels of the truck on the tracks. The train crashed into the truck and Flowers was seriously injured.
The trial of the cause resulted in a verdict for the plaintiff and the defendant appeals. We are presented with four points on appeal: (1) The court should have directed a verdict for the defendant at the close of all the evidence or granted a new trial because evidence showed defendant to be free from alleged acts of negligence; (2) The court should have directed a verdict for defendant or granted a new trial upon the ground that the testimony showed the sole proximate cause of the accident was either the negligence of the driver or the combined negligence of the driver and the plaintiff; (3) The court erred in failing to charge the jury that it could not find the railroad negligent for a failure to provide warning devices other than those required by statute; and (4) The court should have granted defendant’s motion for a mistrial because of. certain remarks of plaintiff’s *534 counsel made in closing argument. In order to discuss appellant’s points going to the manifest weight of the evidence, we must briefly state the circumstances of the accident.
The truck in which the plaintiff was riding was traveling north on Old Dixie Highway in the City of Delray Beach. Here the highway runs parallel and on the east side of the tracks until it reaches a point where South Swinton Avenue branches off and immediately crosses the tracks. The distance from the highway to the South Swinton Avenue crossing is from 50 to 70 feet.
The evidence of negligence on the part of the railroad became a jury question because viewed in the light most favorable to the verdict it reveals that (a) the speed of the train (65 to 75 mph) was excessive for the area traversed;. (b) the railroad had allowed brush and bushes upon its right-of-way to grow so tall that a truck approaching the crossing, as this truck did, had the driver’s view obstructed; (c) the train failed to give warning signals. The evidence in each of these areas is in sharp conflict; and, in addition, there is evidence that the driver of the truck was negligent. There is no doubt, however, that under the circumstances the question of defendant’s negligence was for the jury. This is especially true where, as here, the comparative negligence rule is applicable. Tyus v. Apalachicola Northern Railroad Company, Fla.1961, 130 So.2d 580, 583 and cases cited therein.
By its third point the appellant urges that the court erred in failing to give a charge[1] to the jury that it could not find the railroad negligent for failure to provide warning devices at the crossing other than those required by the legislature or appropriate administrative governmental body.
The substance of appellant’s argument upon this point is that because there were frequent references in the record to the lack of any warning device other than the-standard “crossbuck” required by law, the instruction was necessary so that the jury would not wander into the legislative or administrative field. The trial judge who heard all of the testimony and argument, did not think such an instruction was necessary. We are not inclined to hold to the-contrary on this record. The jury was entitled to know the conditions at the crossing. The nature of the warning devices present was one of these conditions. Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492.
It is true that ordinarily it is not for a trial jury to determine whether particular methods or facilities should have been used to prevent an injury from a train at a crossing. Atlantic Coast Line R. Co. v. Wallace, 61 Fla. 93, 54 So. 893. Thus, an instruction that negligence might be found' based solely on the failure to provide a. particular device not required by legislative - or administrative regulation would have been error under the last cited case. However, it is apparent that the trial judge felt that the requested charge would have the effect of eliminating from the consideration of the jury all question of the condition-of the crossing as to warning devices. We-agree with this conclusion.
Appellant’s last point concerns its claimed' right to a mistrial because of remarks of *535 plaintiff’s counsel made in closing argument. No good purpose would be served by the repetition of the circumstances under which plaintiff’s trial counsel approached the thin line between the proper and the improper in argument. The subject has recently been dealt with extensively by the Supreme Court in its opinion and a dissent by Mr. Justice O’Connell in the case of Tyus v. Apalachicola Northern Railroad Company, Fla.1961, 130 So.2d 580, 587-96. We have concluded that in view of the fact that the stimulus for the remarks was provided by counsel for appellant, and in view of the strong instruction given to the jury after the objection, reversible error has not been .shown.
Affirmed.

. “I charge you that under the law it is not within your province as jurors to determine whether or not the particular type and kind of warning devices at the crossing where the accident occurred were adequate or whether or not some other type or kind of warning devices or facilities should have been placed at the crossing where the accident occurred. This determination is solely for the Legislature or appropriate administrative governmental body. Therefore, I charge you that you cannot render a finding; of neligence against the Defendant sole-, ly on a basis that the warning devices or-facilities installed at the crossing where the accident occurred were not adequate or that some other type or kind of warning devices or facilities should have been installed at the crossing where the accident occurred.”