## KAUFMAN v. EAGLE ROOFING & ART METAL WORKS, et al.

Nos. 41363 and 41364.

Circuit Court, Hillsborough County.

January 17, 1963.

William Wagner of Nichols, Gaither, Beckham, Colson & Spence, Miami, for the plaintiffs.

Vernon W. Evans of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for the defendants.

OLIVER C. MAXWELL, Circuit Judge.

This cause came on on defendant's motions to strike in both of the above cases. The first suit is an administrator's suit under section 45.11 F. S. The second is a wrongful death action by a widow. Both motions seek to strike paragraph 5 of the respective complaints which, after the complaint had alleged a cause of action in an automobile collision under the doctrine of respondeat superior and dangerous instrumentality set up a paragraph alleging negligence in employment of the driver. This paragraph adds nothing to the cause of action, is irrelevant and immaterial and it is therefore, ordered and adjudged that said motions to strike paragraph 5 of both complaints are granted.

With respect to the administrator's complaint, the defendant also seeks to strike claims for funeral expenses and for punitive damages. As to the claim for funeral expenses the defendant contends that under section 45.11 F. S. the administrator is entitled to recover only what the decedent could have recovered had he lived. The plaintiff cites two cases — Love v. Hannah (Fla. 1954), 72 So.2d 39, and Florida East Coast Railroad Co. v. Soper, (Fla. Third District 1962), 146 So.2d 605. The first case was an administrator's suit under section 45.11 F. S. coupled with an action for wrongful death. The administrator's suit alleged —

" * * * and funeral expenses were incurred. In this connection plaintiffs further say that the estate became indebted for

funeral home services in Miami, the cost of transporting deceased to Tallahassee, Florida, from Miami, Florida, and for funeral services in Tallahassee."

A verdict for the plaintiffs was reversed because the verdict did not separate damages; the court concluded that the death action must be reversed and there was insufficient proof to support the amount of damages under the survival statute.

In the recent case of Florida East Coast Railroad Co. v. Soper, supra, the question was squarely raised in the briefs, copies of which have been furnished the court by counsel for the plaintiff. This was a suit under the survival statute, with judgment for plaintiff. The appellant railroad's 12th point reads as follows —

"THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR NEW TRIAL AND FOR ENTRY OF REMITTITUR, WHICH MOTION WAS WELL FOUNDED BECAUSE OF THE ERRONEOUS ADMISSION INTO EVIDENCE, OVER DEFENDANT'S OBJECTION, OF PLAINTIFF'S EXHIBITS NOS. I AND II BEING THE FUNERAL BILLS FOR THE DECEDENTS."

In its main brief the appellant, after quoting the statute and from International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7, stated —

"We submit that this case controls the question of allowing funeral expenses, as was done erroneously by the court in our instant case and that therefore the court committed reversible error in overruling defendant's objections to admitting into evidence plaintiff's exhibits nos. 18 and 22 * * containing the funeral bills incurred by the plaintiffs for the decedents."

(Appellant's brief pp. 46-47.)

This argument was answered in appellee's brief (pp. 24 and 25) and a reply was made thereto in appellant's reply brief (pp. 18 and 19). While the district court of appeal did not specifically comment on this point, after discussing other points it ended its opinion in the following words —

"The other questions raised by appellant dealing with the failure to charge or the giving of charges objected to, the arguments of counsel to the jury, comments by the trial judge and the exclusion and reception of certain evidence, have all been examined and found to be without merit."

Unless this court is to assume that the Third District Court failed to read the briefs this case appears to be direct authority favorable to the plaintiff on this point. It is therefore, ordered and ad-

judged that the defendant's motion to strike the item of funeral expenses is denied.

The remaining question is whether or not the allegations of the administrator's suit are sufficient to support punitive damages. On the principle that the administrator is entitled, basically, to recover what the decedent could have recovered had he lived, punitive damages are recoverable in an action of this type if there are sufficient allegations to sustain the prayer. The pertinent allegations are contained in paragraph 4 of the complaint which reads as follows —

"That at the above mentioned time and place the above named defendants' motor vehicle, to-wit: a two and one-half ton truck heavily loaded with steel, had been operated along said Roosevelt Boulevard at a speed exceeding the posted speed limit and had been operated past a sign located approximately 1,000 feet from the intersection of said Roosevelt Boulevard with said 9th Street North sign which stated the following in large lettering: "Warning, Dangerous Intersection, 1,000 Feet." and had been operated into the above mentioned intersection past a sign which clearly stated in large white letters upon a red octagonal background the word, "Stop", without stopping as required by law, at a speed of approximately 45 miles per hour and had been operated across the northbound lanes and a dividing strip of said 9th Street North directly into the path of the motor vehicle above described as being operated by Harry H. Kaufman, now deceased, and at the point of impact was still being operated at a speed of approximately 45 miles per hour; and the above described wanton and wilful misconduct directly and proximately resulted in the described collision."

There are no allegations as to the speed limit at the scene and the allegations could well be construed to mean that the defendant was exceeding a speed limit of zero at the stop sign. While the above allegations would support a claim for gross negligence it is the opinion of this court that there are insufficient allegations to support wanton and wilful negligence which must be alleged as a predicate for punitive damages. It is therefore ordered and adjudged that the motion to strike the prayer for punitive damages is granted.

It is further ordered and adjudged that the plaintiffs are allowed 15 days from the date of this order to amend their complaint as they may be advised and the defendants are allowed 15 days  from service of amendment or 30 days from the date of this order, in the event no amendment is filed, to file their answers to the complaint.