PEARSON, Judge.
The father and the representatives of the estate of a deceased minor sued the appellee, Florida East Coast Railway Company, for the death of the minor in a railroad crossing accident where the train struck the auto in which the minor was a passenger. This is an appeal from a final judgment entered for the defendant pursuant to a jury verdict. The plaintiffs have taken this appeal urging that the lower court erred when it refused to give two of the plaintiffs’ requested jury instructions. We affirm.
The minor, Linda Caudell, was a passenger in an automobile involved in a crossing accident with a Florida East Coast train at the crossing of Colonial Drive (S.W. 160 Street in South Dade County). The car was travelling east on a four-lane street which enters U.S. I a short distance east of the tracks. The train was travelling north. The crossing is a busy and heavily travelled one in a well-populated, residential area. There was evidence in the record that the view of an automobile operator proceeding east on the road is to some degree obstructed. There was also evidence that the railroad had acknowledged the dangerous character of the crossing. There was a “cross-buck” guarding the crossing and a metal railroad sign, indicating the crossing, was located 100 feet to the west.
The sole issue submitted to the jury was whether the railroad had been guilty of negligence which was a proximate cause of the accident. The plaintiffs requested the trial judge to instruct the jury concerning the provisions of the “Boiler Inspection Act” (45 U.S.C. § 23). This Act imposes liability upon the railroad where any part of the locomotive is defective, and the defect is the proximate cause of an accident. The trial judge denied the requested instruction.
In addition, the appellants requested an instruction that at an extrahazardous crossing the exercise of reasonable care on the part of the railroad requires safeguards in *585 addition to those ordinarily required at railroad crossings under applicable ordinances or statutes. The court denied the requested instruction.
Appellant has presented two points on appeal. Each is directed toward the denial of the instructions mentioned.
Appellant’s first point urges that the trial court erred in denying plaintiffs’ requested instruction concerning the application of the Federal Boiler Inspection Act. We feel that the court correctly denied this instruction because the plaintiff failed to present sufficient evidence to create an issue as to a defect in any part of the locomotive. Plaintiffs’ evidence, that there had been prior to and subsequent to the accident instances in which the horn faded out, was not supported by any evidence that there was a malfunction or fading of the horn at the time of the accident. There was substantial conclusive testimony that the horn functioned when blown by the engineer. We find that the refusal of the instruction was not error. See Florida East Coast Railway Company v. Keilen, Fla.App.1966, 183 So.2d 547. See also Food Fair Stores, Inc. v. Trusell, Fla.1961, 131 So.2d 730.
Appellant’s second point urges error upon the refusal of the following instruction :
“The plaintiff has alleged that the railroad crossing here involved was extra-hazardous in nature, or, phrased differently, that ‘unusual conditions’ existed at this crossing, which, under all of the circumstances, presented a hazardous or dangerous condition substantially greater than that ordinarily found at railroad crossings. I instruct you that it is your province to determine whether or not the crossing here involved was extra-hazardous. I instruct you that at an extra-hazardous crossing, the exercise of reasonable care on the part of the railroad might require safeguards in addition to those ordinarily required at railroad crossings under applicable ordinances or statutes. Thus, it is for you to determine as a question of fact: (1) whether or not the crossing was extra-hazardous, and (2) whether or not additional safeguards were requried in the exercise of reasonable care, if, in fact, you were to determine that this was an extra-hazardous crossing.”
Included in the argument of the point addressed to the refusal of this instruction is an assignment of error directed to the giving of defendants’ requested instruction. The instruction by the court was as follows:
“I charge you that the law requires that every railroad company whenever its tracks cross a highway shall put up large signboards at or near said crossing with the following inscription in large letters on both sides of the boards: ‘Look out for the cars’. Therefore, you cannot render a finding of negligence against the defendant solely on the basis that the warning devices or facilities installed at the crossing where the accident occurred were not adequate or that some type or kind of warning devices or facilities should have been installed at the crossing where the accident occurred, but you must take into consideration all of the conditions existing at this crossing which in the exercise of reasonable care on the part of the railroad might require safeguards in addition to those ordinarily -required at railroad crossings under applicable ordinances or statutes.”
In addition, it should be noted that in the general charge upon negligence, the court instructed the jury as follows:
“In determining whether the railroad exercised all ordinary and reasonable care and diligence, you may consider the character of the crossing, the amount of travel that might be reasonably expected there, the existence or nonexistence of obstructions, the nature and character of warning devices, the existence or nonexistence of warning devices, the condition of the track and equipment, the *586 speed of the train in relation to the environment, and the signals given of the train’s approach.
“In fact, all the circumstances should be considered; and if you find that the employees of the railroad company in charge of the train failed to use that degree of care and caution that was reasonably demanded by the circumstances, you may find the railroad guilty of negligence.
“A railroad company at ordinary crossings owes the duty of a reasonable lookout, running at a reasonable rate of speed, and of giving timely warning of the approach of engines or trains. The lookout answers one purpose, the warning another, and the control of the speed another. The lookout is primarily to enable the trainmen to control the movement of the train when they discover danger, while the warning is to give the traveler notice to keep out of the way, and the control of the speed is designed to make both the lookout and the warning more effective.”
In presenting his argument for the instruction requested but denied, the attorney for the appellant frankly stated to the trial judge: “This is not presently Florida law. I am asking for this instruction, Your Honor, because I think — and this is now before the Supreme Court that this is the law of Florida.” The burden of appellants’ argument for the requested instruction, both in the trial court and here, is that the law as established in Atlantic Coastline R. Co. v. Wallace, 61 Fla. 93, 54 So. 893 (1911) is outdated in view of changed conditions of travel and changes in law since the publication of the Wallace decision. It is urged that authorities outside of this State have established the rule that conditions such as those of visual obstruction and heavy travel create a jury issue as to whether a given crossing is in fact extraordinarily dangerous. It is then urged that if the crossing is determined extraordinarily dangerous, the court should instruct the jury that the failure to provide specific devices reasonably requested may result in a finding of negligence.
We think that the reasons assigned by the Supreme Court of Florida in its decision in Atlantic Coastline R. Co. v. Wallace, supra, have not been obviated by the passage of time or the changes in the law. Therefore, we hold that the trial judge correctly refused the requested instruction.
Affirmed.