227 So.2d 99 (1969)
FLORIDA EAST COAST RAILWAY CO., a Florida Corporation, Appellant,
v.
Delbert D. McKINNEY, Appellee.
No. L-118.
District Court of Appeal of Florida. First District.
October 9, 1969.
*100 Bolles, Goodwin, Ryskamp & Ware, Miami, for appellant.
Nichols & Nichols, and Podhurst & Orseck, Miami, for appellee.
WIGGINTON, Judge.
Defendant has appealed a final money judgment based upon a jury verdict in a death case arising out of a railroad crossing collision between a motor vehicle in which plaintiff's decedent was riding as a passenger and a locomotive operated by defendant. Appellant's sole complaint and contention of error is predicated upon the trial court's refusal to give three jury instructions requested by it.
Appellee sued appellant for damages resulting from the death of his wife caused by the negligent operation of appellant's railroad locomotive. In a separate action appellee sued the owner of the motor vehicle in which his wife was riding as a passenger, seeking damages resulting from her death caused by the grossly negligent operation of the vehicle driven by the wife of the owner. By its answer appellant denied negligence and alleged contributory negligence on the part of appellee's decedent. The defendant motor vehicle owner denied the allegations of gross negligence but at the trial admitted simple negligence.
The two cases were consolidated for the purpose of trial. By its verdict the jury found in favor of the motor vehicle owner and against appellant. It is from the judgment entered upon the jury verdict that this appeal is taken.
At the conference on jury instructions appellant requested in writing that the court charge the jury as follows:
"I charge you that even should you find the defendant guilty of any negligence, before the defendant can be held liable to the plaintiff, the plaintiff must prove, by a preponderance of the evidence, that such negligence, if any, was the proximate cause of, or proximately *101 contributed to cause, the injury and damages, if any, to the plaintiff's decedent. A proximate cause stands next in causal relation to the effect, and is that cause which in natural and unbroken sequence without the intervention of an independent efficient cause, produced the injury, and without which the injury would not have occurred."
It is appellant's position that under the evidence the jury could reasonably have found that it was the admitted negligence of the driver of the vehicle in which appellee's decedent was riding that was the intervening efficient cause of the collision, and not the antecedent negligence, if any, of appellant in the operation of its locomotive. This being so, appellant insists that it was entitled to the instruction requested by it which explained the law of proximate cause as affected by the intervention of an independent efficient cause,[1] and the court erred in refusing its request.
At the outset of the charge conference, the trial court announced that it considered the case to be a routine railroad crossing accident case unaccompanied by any novel or unusual factual or legal issues. Because of this view, the court stated its intention to confine its charges to the jury to those contained in the published Florida Standard Jury Instructions approved by the Supreme Court and recommended for use by the trial courts of this state.[2] The court thereupon denied appellant's requested instruction and charged the jury in accordance with Standard Jury Instruction 5.1, subd. a as follows:
"Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred."
Although appellant objects to the Standard Jury Instruction given by the court because in its opinion the instruction fails to adequately explain the effect of intervening efficient cause on the issue of proximate cause, it affirmatively appears that appellant either failed or refused to request the court to give the Standard Jury Instruction on the principle of intervening cause as embodied in Instruction 5.1, subd. c. Appellant excuses this failure on the ground that in its opinion this instruction is a one-sided charge favoring the plaintiff and therefore would be of no help to defendant. Appellant urges that adherence to the Standard Jury Instructions is not obligatory on trial judges, and when the facts of a given case render the Standard Instructions misleading or inadequate, the trial court should correctly charge the jury in accordance with established principles of law. With this contention we are in complete agreement, for as said by the Supreme Court in its opinion approving use of the Standard Jury Instructions:
"* * * The Court generally approves the theory and technique of charging civil juries as recommended by the Committee and embodied in its proposed instructions. The Court will, accordingly, authorize the publication and use of such instructions, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions. The Court recognizes that the initial determination of applicable substantive law in every case should be made by the trial judge and that it would be inappropriate for the Court at this time to consider the recommended instructions with a view to adjudging that the legal principles embodied in the recommended instructions *102 correctly state the law of Florida. Similarly, the Court recognizes that no approval of the forms by the Court could relieve the trial judge of his responsibility under the law properly and correctly to charge the jury in each case as it comes before him. This order is not to be construed as any intrusion on that responsibility of the trial judges. * * *"[3]
The issue before us is whether the trial court erred as a matter of law in denying appellant's requested charge on the issue of proximate cause, but in the alternative charged on all issues by the form of instructions embodied in the Standard Jury Instructions.
The general note on use of the Standard Jury Instructions submitted to the Supreme Court with its final report by the committee which drafted the instructions contains the following explanation:
"The Committee's purpose has been to prepare instructions that express the applicable issues and guiding legal principles briefly and in simple, understandable language, without argument, without unnecessary repetition and without reliance on negative charges. A serious commitment to that purpose seemed to the Committee to require a number of changes in what appears to have been the customary manner of charging juries in negligence cases.
"More than a few familiar expressions which have been accepted in jury charges through years of repetition have purposefully been omitted from Florida Standard Jury Instructions. In some instances, the Committee has not only omitted the familiar expression but has also recommended affirmatively that it not be used * * *." PP. XVIII and XIX.
In its note on use of Standard Jury Instruction 5.1 quoted above relating to "legal cause" which was given by the court in this case, the Committee said:
"1. Charge 5.1 (legal cause generally) is to be given in all cases. Charge 5.1b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Charge 5.1c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
"2. The jury will properly consider charge 5.1a not only in determining whether defendant's negligence is actionable but also in determining whether claimant's contributory negligence constitutes a bar."
In its comment following the foregoing note, the Committee explained:
"3. Charge 5.1c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) where the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable [Mozer v. Semenza, 177 So.2d 880 (3d D.C.A.Fla. 1965)] and (2) where the intervention of the other cause was itself foreseeable [Ellingson v. Willis, 170 So.2d 311 (1st D.C.A.Fla. 1964)]."
The pertinence of the committee notes and comments was accentuated by the Supreme Court in its approving opinion when it said:
"* * * Similarly, in all circumstances in which the notes accompanying *103 the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge may follow such recommendation unless he shall determine that the giving of such an instruction is necessary accurately and sufficiently to instruct the jury, in which event he shall give such instruction as he shall deem appropriate and necessary; and, in such event, the the trial judge shall state on the record or in a separate order the legal basis of his determination that such instruction is necessary."[4]
Under the charge on proximate or legal cause the jury was instructed that in order to find for the plaintiff it would have to first find that defendant was guilty of negligence which naturally and in continuous sequence produced or contributed substantially to plaintiff's damages under circumstances that but for such negligence the damages would not have occurred. The question of whether plaintiff's damages were caused solely by the independent intervening negligence of the motor vehicle operator and not the antecedent negligence of the railroad locomotive engineer was a matter to be dealt with by argument of counsel in their summation to the jury. From the record it affirmatively appears that in his final summation appellant's counsel fully explained the principle of independent intervening cause in an effort to convince the jury that it was the intervening negligence of the motor vehicle operator which caused the death of plaintiff's decedent, and not the negligence of appellant in the operation of its locomotive. If from the evidence the jury had found that plaintiff's damages resulted solely from the intervening negligence of the motor vehicle operator as urged upon it by appellant's counsel, then under the court's charge it would have been required to find in favor of appellant. This would have been the inevitable result under the charge given by the court, and no other charge on the law of proximate, legal or intervening cause was therefore necessary in order to assure a fair consideration by the jury of the issues in the case. It is obvious from the verdict rendered that the jury simply refused to accept appellant's theory of non-liability, which refusal cannot be reasonably contributed to the failure of the jury to be more fully instructed on the law of independent intervening cause.
It is our view, and we so hold, that the trial court did not err in denying appellant's requested charge on the law of proximate cause, for it was just such highly technical, and to the average layman, incomprehensible instruction that the Standard Jury Instructions are designed to eliminate. In explaining the reason for its recommendation that the suggested form of jury instruction on negligence and legal cause be used in preference to the form of instruction requested by appellant and previously utilized by trial courts, the Committee said:
"The effort to use understandable language is perhaps best illustrated by the charges on causation. See Part V and especially 5.1. The Committee felt generally that more jurors are dazzled than are enlightened by charges that assemble all the expressions in legal language on the subject of causation: the proximate cause, the remote cause, the efficient cause, the concurring cause, and the intervening cause that might or might not `break the chain' of causation. Charge 5.1 is the result of the Committee's attempt to express the essential elements of legal cause without resorting to obscure or technical language."[5]
We therefore conclude that the Standard Jury Instruction on legal cause given the jury adequately and fully charges the law of the case as applied to the issues presented for decision, and the court did not err *104 in refusing appellant's request as contended by it.
The two remaining instructions requested by appellant which were denied by the trial court deal with the right of a train crew to presume that others approaching or on a railroad track will exercise reasonable care for their own safety, and the duty of a motorist when approaching a railroad track. These requested instructions are as follows:
"No. 6
"You are instructed that the crew of a train approaching a street or road crossing of the railroad tracks have the right to presume that the driver of a motor vehicle approaching on the street or road upon or near the tracks ahead of a moving train `is in possession of his faculties, and that he will obey the instinctive law of self-preservation by getting off the track if already on it, or that he will not get on it, if already off', and in such case, the crew is not negligent for failing to stop unless they know, or in the exercise of reasonable care should have known that the driver of the motor vehicle would not or could not keep off the tracks and avoid the danger of collision."
"No. 9
"I charge you that a motorist or other traveler who intends to cross railroad tracks at a public crossing is under a duty to exercise reasonable care and precaution for his own safety. A railroad crossing is itself a constant warning and notice of impending danger at all hours of the day and night; and the duty which rests upon such a motorist or other traveler to anticipate and expect that trains will be operated over such a crossing never relaxes. Of necessity, the train or locomotive has the right of way over the crossing, and preference is accorded it over the motorist and other traveler who traverse the crossing. When a person approaches a railroad crossing, it is his duty under the law to look and listen for oncoming trains; and it is his duty to stop, when by looking and listening, he learns, or should learn, that it would be dangerous to cross the tracks."
Although the charges in question correctly state principles of law heretofore approved by appellate court decisions in this state, such charges as framed are essentially argumentative, repetitive, and adequately covered by the general charges on negligence.
The Committee on Standard Jury Instructions, in its comment on the principle that one has the right to assume that others will exercise reasonable care, says:
"Presumption of reasonable care. The committee recommends that no charge be given to the effect that one is presumed to have exercised reasonable care for his own safety or for the safety of others. See Comment on charge 4.3." Instruction 4.1(3).
* * * * * *
"Presumption of reasonable care. The committee recommends that no charge be given to the effect that a deceased person or an injured person or either party is presumed to have exercised reasonable care for his own safety or for the safety of others. If such a presumption is thought to take the place of evidence and make a prima facie case for the party having the burden of proof, the presumption `disappears' upon the introduction of any evidence tending to overcome it. Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). If the presumption is thought to operate against the party having the burden of proof, as in the case of the presumption that a decedent was not contributorily negligent but was exercising reasonable care for his own safety, such a charge is merely a way (and a confusing way, at that) of stating that the burden of proving contributory negligence is on the party asserting it. In *105 either case, a charge on the subject is superfluous. * * *" Instruction 4.3.
* * * * * *
"The committee recommends that no charge be given to the effect that a person may assume that others will use reasonable care. Whether a person is entitled so to assume and to act on that assumption ultimately depends on whether a reasonably careful person in the same circumstances would so assume and act. See 3 Fla.Jur. Automobiles § 93 at 562; 23 Fla.Jur. Negligence § 79 at 319; also §§ 77 and 78; 65A C.J.S. Negligence § 15 at 592; [65A C.J.S. Negligence] § 118 at 30; 60 C.J.S. Motor Vehicles § 249 at 610; 61 C.J.S. Motor Vehicles § 459 at 13." Instruction 4.7.
In summation of the Committee's purpose, it said:
"One of the unfortunate roles assumed by trial judges in the past is that of advocating both sides of the case by reading to the jury a series of argumentative charges favoring one side of the case and then, `on the other hand,' reading another series of equally argumentative charges favoring the other side of the case. It has been the Committee's purpose to omit such argumentative charges and to remove all advocacy from the charge * * *."[6]
With regard to appellant's requested charge concerning the duty of a motorist when approaching a railroad track, the Committee in its comment on Instruction 4.13 said:
"Negligence is properly and completely defined as the failure to use that degree of care which a reasonably careful person would use under like circumstances. The committee therefore recommends that no charge be given on the following subjects:
* * * * * *
"d. Duty to yield right of way to approaching train (see comment, 4.14b)."
The Committee's comment on Instruction 4.14 subd. b  Reciprocal duties at railroad crossing (duty to yield right of way to approaching train) is as follows:
"The committee recommends that no charge be given on the supposed duty of a pedestrian or motorist to `yield the right of way' to an approaching train.
"Simply to instruct the jury that the pedestrian or motorist has a `duty to yield the right of way' results in an overbalanced charge unless the railroad's `duties' are also stated. But the train operators' duties vary with the circumstances [see, with respect to train speed, Florida East Coast Ry. Co. v. Soper, 146 So.2d 605, 608 (3d D.C.A. Fla. 1962), cert. disch. 155 So.2d 552, and Martin v. Rivers, 72 So.2d 789 (Fla. 1954)]. Moreover, to introduce the `right of way' concept would seem to require that the qualifications upon the `right' to take the `right of way' be also stated. See, e.g., Florida Cent. & P.R. Co. v. Williams, 37 Fla. 406, 20 So. 558, 562 (1896).
"If a train has the `right of way,' it is not because of some statute or some privilege emanating from its license as a carrier. Rather, `it is but a recognition of the physical nature of a railroad.' Bush v. Louisville & Nashville R. Co., 260 F.2d 854, 857 (5th Cir.1958). The supposed `duty to yield the right of way' is simply a way of saying that a person will likely be killed and will certainly be held to have been negligent if, in the absence of some extenuating circumstance, he walks or drives into the path of a train bearing down on the crossing."
It is our view and we so hold that the jury instructions requested by appellant were adequately covered by the general charge, expounded principles of nonliability more appropriately treated in counsel's argument to the jury rather than in the instructions to be given by the court, and no error was committed in their denial.
*106 At the risk of appearing grossly immodest, the author of this opinion makes the observation that the Committee on Standard Jury Instructions whose work product is here challenged was composed of some of Florida's most outstanding and highly qualified trial lawyers, trial and appellate court judges. The writer is personally familiar with the many hours, days, weeks and months of painstaking study, thought and deliberation which went into the drafting of the recommended instructions, and the notes on use proposed by the Committee. For these reasons the Committee's recommendations are entitled to great respect, and should be rejected only upon a clear showing that they are wholly unwarranted because of unusual circumstances which may be found to exist in a given case.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] Atlantic Coast Line R.R. Co. v. Ponds (Fla.App. 1963), 156 So.2d 781; Pope v. Pinkerton-Hays Lumber Company (Fla.App. 1960), 120 So.2d 227.
[2] In Matter of Standard Jury Instructions (Fla. 1967), 198 So.2d 319, 320; Rule 1.949, F.R.C.P., 31 F.S.A.
[3] Supra note 2.
[4] Supra note 2.
[5] Florida Standard Jury Instructions  General Note on Use 
[6] Standard Jury Instructions, Page XX.