PER CURIAM.
Plaintiff-appellant Patricia Ann Ecker-sen seeks review of a final judgment entered pursuant to a jury verdict in favor of defendant-appellees, Florida East Coast Railroad and Roy D. Domingus, Jr.
Plaintiff’s decedent was killed when his automobile collided with a train operated by defendants at a railroad crossing. Appellant contends, inter alia, that the court erred in giving a certain jury instruction concerning the law of positive and negative testimony.
Defendant’s requested jury instruction, objected to by plaintiff, was as follows:
“Under the rule of positive and negative testimony, affirmative evidence that the horn was blown or other warnings were given cannot be overcome by negative testimony of witnesses that they did not hear the horn or observe other warnings. When negative testimony is relied upon to contradict positive evidence, it should appear that the negative statements were made by persons whose attention was directed to the fact that they were looking, watching or listening for the fact.”
The instruction is derived from certain language in Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193, 195, and is quite similar to the instruction given in Hodge v. Jacksonville Terminal Company, Fla.App.1964, 170 So.2d 481, 482, which was held not to be reversible error.
However, it is our view that the instruction omits a further statement of the law which is applicable under the facts of this case. This court examined the probative effect of positive and negative evidence concerning the presence or absence of warning signals in Franklin v. Dade County, Fla.App.1970, 230 So.2d 730, 736. As we noted there, the Supreme Court in Tyus *531 v. Apalachicola Northern Railroad Company, Fla.1961, 130 So.2d 580, 584, recognized the rule that negative evidence (of the absence of warning signals) can create an issue as to whether the signals were given, in the face of positive evidence that they were given. If an issue is thus created, the conclusion necessarily follows that the trier of fact could decide the issue in accordance with the negative evidence. The decision in accordance with the negative evidence would have to rest upon the consideration of the circumstances, the weight of evidence presented, and credibility of witnesses.
The evidence in the instant case is sufficient to create an issue of fact. One witness in an office near the crossing testified, in part, that he heard whistles blown for crossings to the north, but no warnings were blown for the accident crossing. Another witness, who was north of the accident crossing, heard a whistle when the train passed her position, but as she did not hear it blow again, assumed that it had not reached the accident crossing because she did not hear the train sound the whistle for that crossing. An officer traveling in the same direction as decedent shortly before the accident heard no whistles and he did not notice the crossing lights. This evidence was contradicted by defendant Domingus, engineer of the freight train, and the conductor who testified that the train had given whistle signals.
Therefore, the jury charge given in this case to the effect that positive evidence as to the giving of signals cannot be overcome by negative evidence of their absence is incorrect, and constitutes reversible error.
Appellant’s next contention is that the court erred in ruling that if plaintiff’s counsel argued in his final argument to the jury that the railroad should have erected gates or installed bells at the crossing, the court would give defendants’ requested jury instruction number 5.[1] We find some merit in appellant’s contention. Florida East Coast Railway Company v. Haywood, Fla.App.1962, 145 So.2d 533, 534; Florida East Coast Railway Company v. Soper, Fla.App.1962, 146 So.2d 605, 608-609.
For the reasons stated, the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.

. Defendants’ requested instruction number 5, reads as follows:
“I charge you that under the law it is not within your province as jurors to determine whether or not the particular type and kind of warning device at the crossing where the accident occurred was adequate, or whether or not some other type or kind of warning device or facility should have been placed at the crossing where the accident occurred. This determination is for the Legislature or appropriate administrative governmental body. Therefore, I charge you that you cannot render a finding of negligence against the Defendant-Railroad solely on a basis that the warning device or facility installed at the crossing where the accident occurred was not adequate or that some other type or kind of warning device or facility should have been installed at the crossing where the accident occurred.”