328 So.2d 206 (1976)
SEABOARD COAST LINE RAILROAD COMPANY, and National Railroad Passenger Corporation, a Corporation, Appellants,
v.
Allen Mack GORDON and Delcher Brothers Storage, Inc., Appellees.
No. Y-128.
District Court of Appeal of Florida, First District.
March 16, 1976.
Gary A. Bubb, Toole, Taylor, Moseley & Milton, Jacksonville, for appellants.
E. Robert Williams, Boyd, Jenerette, Leemis & Staas, and Claude K. Slater, Slater & Randle, Jacksonville, for appellees.
BARKDULL, THOMAS E., Associate Judge.
From the record on appeal, it appears that while transporting household goods of the Nordeens [parties not involved in this appeal] a truck, owned by Delcher Brothers Storage, Inc. and being driven by Allen Mack Gordon, became stuck across the tracks of the Seaboard Coast Line Railroad Company. This crossing was shortly beyond a curve in the Seaboard tracks. When the train rounded the curve, upon observing the stalled truck, it was unable to stop because of its speed before colliding with the truck. Subsequently, an action was commenced by the Nordeens against Seaboard and Gordon to recover for the damage to their personal property. Seaboard filed a crossclaim against Gordon and a third-party complaint against Gordon's employer, seeking indemnification based upon a theory of passive negligence *207 on the part of the Railroad and active negligence on the part of Gordon, which would make his employer vicariously liable. The trial judge dismissed with prejudice the crossclaim and the third-party complaint. This appeal ensured.
Subsequent to the order of the trial court, here under review, the Nordeens settled with Gordon and Delcher. The appellees contend that this in and of itself, because of the provisions of the new Uniform Contribution Among Tort Feasors Act, enacted by the 1975 Legislature, and particularly § 768.31(5)(b),[1] releases them from any action seeking contribution.[2]
We hold, first, that the trial judge was correct in dismissing the crossclaim and third-party complaint because it is apparent on the face thereof that the Railroad was at least an active tort feasor. Florida East Coast Railway Company v. Soper, Fla.App. 1962, 146 So.2d 605. We further affirm the action because of the provisions of § 768.31(5)(b), of the Uniform Contribution Among Tort Feasors Act, it being conceded that the original plaintiffs had settled their original claim against Gordon.
Therefore, the order here under review be and the same is hereby affirmed.
Affirmed.
RAWLS, Acting C.J., and MELVIN, WOODROW M., Associate Judge, concur.
NOTES
[1] "(5) RELEASE OR COVENANT NOT TO SUE.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

* * * * *
"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."
[2] This opinion is not to be construed as passing on the validity of this statute, a point not made on this appeal.